

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| DUANE RONALD BELANUS, | ) | CV 11-00026-H-DWM-RKS |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| TRACY CHANDLER, RAYMOND | ) | |
| POTTER, LEO GALLAGHER, | ) | |
| MELISSA BROCH, CATHY | ) | |
| MURPHY, and JEFFREY | ) | |
| SHERLOCK, | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Duane Ronald Belanus brought this action pursuant to 18 U.S.C. §§ 2510-2520, alleging that a telephone conversation to which he was a party was recorded by the other party in violation of the federal wiretap statute and then illegally used at his criminal trial. He seeks civil relief under 28 U.S.C. § 2520;

1

this is not a habeas action. Pursuant to 28 U.S.C. § 636(b), the matter was referred to Magistrate Judge Strong, who issued Findings and Recommendation on July 8, 2011. Magistrate Judge Strong recommended that Mr. Belanus's complaint be dismissed with prejudice for failure to state a claim and that a strike be assessed against him. (Dkt # 4.) Mr. Belanus timely objected to the Findings and Recommendation on July 21, 2011 (dkt # 6), filed an amended objection on July 25, 2011 (dkt # 7), supplemented his objection on July 27, 2011 (dkt # 8), and filed two additional objections on August 16 and 23, 2011 (dkt ## 9, 10). He is therefore entitled to *de novo* review of the specified findings or recommendations to which he objects. 28 U.S.C. § 636(b)(1).

Mr. Belanus alleges that he called his girlfriend, Tracy Chandler, and that Ms. Chandler recorded their telephone conversation in violation of the federal Wiretap Act. Because he contends that this initial recording was illegal, he argues that its later use in his investigation and criminal trial was also illegal. Ms. Chandler is a private citizen and was not acting as an agent of the state when she made the recording. She made the recording to preserve evidence of Mr. Belanus's threats towards her "in case anything every happened to" her. (dkt # 2, p. 15).

The basic allegation underlying all of Mr. Belanus's claims fails to state a

claim upon which relief can be granted. The initial recording of the telephone conversation by Tracy Chandler did not violate the federal Wiretap Act nor implicate Mr. Belanus's constitutional right to privacy under either the federal or Montana Constitutions. Thus, the later use of the recording was not illegal either. Mr. Belanus's complaint is dismissed on this ground, and other issues raised by Mr. Belanus are irrelevant.

In relevant part, 18 U.S.C. § 2511(1) states:

Except as otherwise specifically provided in this chapter any person who--

(a) intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication;

...

(c) intentionally discloses, or endeavors to disclose, to any other person the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subsection[, or]

(d) intentionally uses, or endeavors to use, the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subsection;

...

shall be punished as provided in subsection (4) or shall be subject to suit as provided in subsection (5).

Section § 2515 expressly prohibits the use of such information at trial if the use

3

would violate the Wiretap Act. However, 18 U.S.C. § 2511(2)(d) provides one of several exceptions when the interception of information is not illegal:

> It shall not be unlawful under this chapter for a person not acting under color of law to intercept a wire, oral, or electronic communication <u>where such person is a party to the communication</u> or <u>where one of the parties ... has given prior consent</u> unless such communication is intercepted for the purpose of committing any criminal or tortious act in violation of the Constitution or laws of the United States or of any State.

18 U.S.C. § 2510(2)(d) (emphasis added). Unless the purpose of the interception is to commit a criminal or tortious act, recording a conversation to which one is a party is not unlawful under the Act. Courts have found that recording one's own conversation in order to create an accurate record or to protect oneself is legitimate. See <u>Moore v. Telfon Communications Corp.</u>, 589 F.2d 959, 965-66 (9th Cir.1978) (to protect oneself); <u>By-Prod Corp. v. Armen-Berry Co.</u>, 668 F.2d 956, 959 (7th Cir. 1982) (to preserve an accurate record).

Section 2511(2)(d) does not offend a person's constitutional rights under the federal constitution, for "one has no constitutionally protected expectation that the person to whom he voluntarily reveals incriminating information will keep it secret." <u>United States v. Quintana</u>, 508 F.2d 867, 872 (7th Cir. 1975) (discussing § 2511(2)(d), which exempts similar recordings when the intercepting party to the communication is acting under the color of law) (<u>citing</u> <u>United States v. White</u>,

4

401 U.S. 745, 751 (1971)). Under the federal constitution at least, a person has no reasonable expectation that the other party of a conversation is not recording the conversation. United States v. Laetividal-Gonzalez, 939 F.2d 1455, 1460–61 (11th Cir. 1991) (discussing the color of law exception, § 2511(2)(c)).

As discussed by Magistrate Judge Strong, the explicit right to privacy in the Montana Constitution provides greater protection. (Findings and Recommendations, 10-11.) However, both the federal and Montana's right of privacy provide protection only against state action. State v. Long, 700 P.2d 153, 157 (Mont. 1985) (holding that Montana Constitution Art. II, § 10 "contemplate[s] privacy invasion by state action only"); Howard v. America Online, Inc., 208 F.3d 741, 754 (9th Cir. ) (citing U.S. v. Young, 153 F.3d 1079, 1080 (9th Cir. 1998) ("The Fourth Amendment limits searches conducted by the government, not by a private party, unless the private party acts as an 'instrument or agent' of the government.")) Actions by private individuals not acting as state agents do not implicate a defendant's privacy rights.

Here, Ms. Chandler is a private citizen, and she was not acting as an agent for the government when she recorded her own telephone conversation with Mr. Belanus. Without state action, the recording did not implicate Mr. Belanus's constitutional right to privacy under the federal or Montana Constitution. Nor did

the recording violate the Wiretap Act because, as a party to the conversation under § 2511(2)(d), Ms. Chandler is exempt from the Act so long as she did not act with a criminal or tortious purpose. No criminal or tortious purpose appears in the facts. As Mr. Belanus himself asserts, Ms. Chandler recorded the conversation to preserve evidence of Mr. Belanus's threats toward her "in case anything ever happened to" her. Ms. Chandler did not make the recording in order to commit a misdemeanor under Montana Code Annotated § 45-8-213(c), but recorded the conversation to preserve evidence of Mr. Belanus's threats because she feared he would act on them. As a party to the conversation, acting independently and with no criminal or tortious purpose, Ms. Chandler lawfully recorded the telephone conversation at issue. Thus, this initial interception was exempt from the Wiretap Act and did not violate Mr. Belanus's constitutional rights.

The cases cited by Mr. Belanus are inapplicable. In United States v. Vest, 813 F.2d 477, 480 (1st Cir. 1987), the district court found that the conversation participant who recorded the conversation had violated § 2411(2)(d), presumably because he made the recording for a criminal or tortious purpose (the issue was not challenged by the government on appeal). In Chandler v. United States Army, 125 F.3d 1296, 1297 (1997), the plaintiff's wife had surreptitiously recorded his conversations with third parties; she was not a party to the conversations and so

was not exempt under § 2511(2)(d).) Similarly § 2511(2)(d) did not apply in Gelbard et al. v. United States, 408 U.S. 41 (1972), in which federal agents recorded conversations to which they were not parties.

Mr. Belanus's remaining claims rely on his allegation that Ms. Chandler's recording of their conversation was illegal. Because the recording was authorized under the Wiretap Act, and because Ms. Chandler could consent to its later use as a party to the conversation, his other claims likewise fail and need not be discussed here.

In accordance with the foregoing,

IT IS HEREBY ORDERED that the Findings and Recommendation (dkt # 4) are adopted in full;

IT IS FURTHER ORDERED that Plaintiff's claim brought pursuant to 42 U.S.C. § 1983 is DISMISSED WITH PREJUDICE, and the Clerk of Court shall close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure;

IT IS FURTHER ORDERED that the docket shall reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because the complaint fails to state a claim for which relief can be granted;

IT IS FURTHER ORDERED that the docket shall reflect that the Court

certifies pursuant to Fed.R.App.P. 24 (a)(3)(A) that any appeal of this decision would not be taken in good faith.

Dated this 29th day of August, 2011.

_____
Donald W. Molloy, District Judge
United States District Court